IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01725-BNB

ALEX ORLANDO MANIGO,

Applicant,

v.

STEVE HARTLEY, Warden, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 23 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Alex Orlando Manigo, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Manigo initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state convictions. He has paid the $5.00 filing fee.

On July 26, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). The July 26 order permitted Mr. Manigo to file a reply within twenty-one days of the filing of the pre-answer response. On August 2, 2010, Respondents filed their pre-answer response. Mr. Manigo has not filed a reply.

The Court must construe liberally Mr. Manigo's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Manigo was charged in Denver District Court case numbers 03CR1100 and 03CR1101, each alleging one count of aggravated robbery and four counts of second-degree kidnapping. He was similarly charged in Jefferson and Adams counties, and he sought to resolve the cases jointly in the three jurisdictions.

Mr. Manigo negotiated with the Denver District Attorney to plead guilty to one count of aggravated robbery and kidnapping in each Denver District Court case, in exchange for dismissal of all other charges and a concession that his sentence would run concurrently with the sentence imposed in Jefferson County.

Mr. Manigo was sentenced in Jefferson County to forty years in prison. He subsequently was sentenced in Adams County to twenty years in prison, to run consecutively to the Jefferson County sentence.

Mr. Manigo moved to withdraw his guilty plea in the Denver cases before sentencing. The Denver District Court denied the motion and sentenced him to forty years in prison, to be served concurrently with the sentences imposed in Jefferson and Adams Counties.

Mr. Manigo appealed, arguing that the Denver District Court erred when it denied the motion to withdraw his guilty pleas and that his sentences for aggravated robbery were illegal. On April 6, 2006, the Colorado Court of Appeals affirmed the denial of Mr. Manigo's motion to withdraw his guilty pleas; disagreed that his sentences were illegal; agreed that he must be resentenced on the aggravated robbery counts; vacated the

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Manigo was charged in Denver District Court case numbers 03CR1100 and 03CR1101, each alleging one count of aggravated robbery and four counts of second-degree kidnapping. He was similarly charged in Jefferson and Adams counties, and he sought to resolve the cases jointly in the three jurisdictions.

Mr. Manigo negotiated with the Denver District Attorney to plead guilty to one count of aggravated robbery and kidnapping in each Denver District Court case, in exchange for dismissal of all other charges and a concession that his sentence would run concurrently with the sentence imposed in Jefferson County.

Mr. Manigo was sentenced in Jefferson County to forty years in prison. He subsequently was sentenced in Adams County to twenty years in prison, to run consecutively to the Jefferson County sentence.

Mr. Manigo moved to withdraw his guilty plea in the Denver cases before sentencing. The Denver District Court denied the motion and sentenced him to forty years in prison, to be served concurrently with the sentences imposed in Jefferson and Adams Counties.

Mr. Manigo appealed, arguing that the Denver District Court erred when it denied the motion to withdraw his guilty pleas and that his sentences for aggravated robbery were illegal. On April 6, 2006, the Colorado Court of Appeals affirmed the denial of Mr. Manigo's motion to withdraw his guilty pleas; disagreed that his sentences were illegal; agreed that he must be resentenced on the aggravated robbery counts; vacated the

sentences on the aggravated robbery counts; and remanded the case to the trial court for further proceedings. See *People v. Manigo*, No. 04CA2668 (Colo. Ct. App. Apr. 6, 2006) (unpublished) (pre-answer response, ex. A). On August 14, 2006, the Colorado Supreme Court denied certiorari review. See *Manigo v. People*, No. 06SC334, 2006 WL 2337462 (Colo. Aug. 14, 2006) (unpublished).

On December 4, 2006, the trial court corrected the aggravated robbery sentences, but because of the consecutive nature of the two twenty-year kidnapping terms, Mr. Manigo's aggregate sentence remained forty years. See pre-answer response, ex. B, pdf. at 3-4; ex. C, pdf. at 3-4. Mr. Manigo did not appeal from the resentencing.

On December 4, 2007, Mr. Manigo filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on February 1, 2008. Mr. Manigo appealed, and while the appeal was pending he filed another motion for postconviction relief, which Denver District Court denied because it lacked jurisdiction to enter any further orders. See pre-answer response, ex. B, pdf. 3; ex. C, pdf. 3. On May 21, 2009, the Colorado Court of Appeals affirmed. Mr. Manigo did not seek certiorari review.

On July 21, 2010, Mr. Manigo filed the instant habeas corpus application. He asserts three claims, each of which appears to challenge his Denver District Court convictions and original sentences. He claims that:

> (1) his right to due process of law was violated when officers failed to present him for judicial advisement until five days after his arrest;

(2) he was subjected to an unreasonable search and seizure; and

(3) his plea counsel rendered ineffective assistance by failing to investigate his case and challenge illegally obtained evidence.

Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. As previously stated, Mr. Manigo was resentenced on December 4, 2006 and did not seek appellate review. Resentencing starts a new limitations period for federal habeas purposes only with regard to claims related to the new judgment. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (applicant's designation as sexual predator did not restart statute of limitations, as all federal habeas claims related to original judgment); *see also Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004); *but see Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (resentencing restarts statutes of limitations for all claims of habeas application).

The Court will calculate the one-year limitations period from December 4, 2006, the date of resentencing. However, even calculating the one-year limitations period from December 4, 2006, Mr. Manigo's application is time-barred. Mr. Manigo had forty-five days, or until January 18, 2007, to file an appeal. *See* Colo. R. App. P. 4(b). Therefore, his conviction became final on January 18, 2007, when the time for filing an appeal expired.

Mr. Manigo does not allege that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, that he could not have discovered the factual predicate for his claims at the time he was sentenced or resentenced, or that unconstitutional state-imposed impediments prevented him from filing the instant action sooner. Therefore, the one-year limitation period began to run on January 19, 2007, the day after his conviction became final, and expired on January 19, 2008.

The one-year limitations period ran for 319 days until December 4, 2007, when Mr. Manigo filed his Colo. R. Crim. P. 35(c) postconviction motion. The limitations period was tolled until May 21, 2009, when the Colorado Court of Appeals affirmed. The limitation period then ran another 426 days--from May 22, 2009, the day after the date of the state appellate court's affirmance, until July 21, 2010, when Mr. Manigo filed the instant action. As a result, 745 days count against the one-year limitation period, and the habeas corpus application is time-barred in the absence of some reason to toll the one-year limitation period.

Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence. *See Holland*, 130 S. Ct. at 2565, and it is the inmate's "strong burden" to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Manigo fails to allege facts that might justify equitable tolling of the one-year limitation period. He does not allege that he has been pursuing his claims diligently or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied and the action dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' remaining arguments concerning Mr. Manigo's exhaustion of his federal constitutional claims need not be addressed.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  23rd  day of  September , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01725-BNB

Alex Orlando Manigo
Prisoner No. 122854
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

Jonathan P. Fero
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/23/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk